IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CONSTANCE ENGELBRECHT, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> AMERICAN CLAIMS MANAGEMENT, INC. ) <br> *et al.*, ) <br> Defendants. ) | Case No. 2:25-cv-04014-MDH |

## ORDER

Before the Court is Defendants' Motion to Dismiss Count III of Plaintiff's Petition (Doc. 6) and Plaintiff's Motion to Remand. (Doc. 12). Defendants removed this case from the Circuit Court of Cole County, Missouri alleging diversity jurisdiction. Plaintiff's Petition alleges claims of disability discrimination, retaliation under the Missouri Human Rights Act, and workers' compensation retaliation under Missouri Workers' Compensation law. Defendants contend that Plaintiff's claim for workers' compensation retaliation was fraudulently joined to prevent removal. (Doc. 1). Defendants subsequently filed their motion to dismiss Count III. Plaintiff has filed a motion to remand arguing her claim for workers' compensation retaliation prohibits removal. The motions are ripe for review.

## BACKGROUND

Plaintiff has brought this lawsuit claiming wrongful termination pursuant to the Missouri Human Rights Act and Missouri Workers' Compensation Law. Plaintiff was employed by Defendants as a Commercial Claims Adjuster and performed most of her work from her home in Eugene, Cole County, Missouri. In January 2023, Plaintiff was diagnosed with breast cancer. After the diagnosis, Plaintiff continued to work in a full-time capacity. Plaintiff alleges because of

1

various staffing issues with Defendants Plaintiff was frequently carrying more than what would typically constitute a full load of claims during the time she was undergoing chemotherapy treatments.

Between January 2023 and July 2023, Plaintiff alleges she expressed to her coworkers and supervisors that her case load, coupled with her ongoing cancer treatments, was causing Plaintiff significant fatigue as well as mental exhaustion. Plaintiff argues her concerns were dismissed, and Plaintiff was frequently reminded that her supervisor at the time was also undergoing cancer treatment, but that he continued to work in a fulltime capacity.

In early July 2023, Plaintiff began reporting to a new supervisor. On July 25, 2023, Plaintiff's supervisor notified Plaintiff that a file Plaintiff had been assigned was under investigation because Plaintiff had allegedly failed to timely notify an insurer about the status of a claim.

Following the request for her claims file, Plaintiff states she complained to her new supervisor and to the human resources department that, because of her disability and prior complaints about her workload and workplace stress, Defendants would blame Plaintiff exclusively for Defendants' failure to timely notify the commercial insurance carrier and would use that as justification to terminate her employment.

Plaintiff further alleges on or about July 25, 2023, Plaintiff also notified her new supervisor and the human resources department that the stress of her workload had become too much, that her workload was causing Plaintiff significant mental health complications, and Plaintiff requested a medical leave of absence to tend to her mental health. Plaintiff's request for medical leave was approved in August 2023. On December 4, 2023, while still on leave, Plaintiff was notified her

employment was being terminated based on an alleged mishandling of an automobile accident claims file.

Plaintiff subsequently filed her Petition in the Circuit Court of Cole County, Missouri alleging state law claims, including a non-removable claim for Workers' Compensation retaliation under RSMo. § 287.780. Defendants claim Plaintiff has fraudulently brought a Workers' Compensation claim to avoid removal and argue Plaintiff's leave was due to her cancer diagnosis and that no there was no worker's compensation claim or leave requested by Plaintiff.

## STANDARD OF REVIEW

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Such courts can only hear cases that they are authorized to hear by the Constitution or a statute. *Id*. An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc*., 634 F.3d 968, 975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id*., citing *Junk v. Terminix Int'l Co*., 628 F.3d 439, 446 (8th Cir. 2010).

"A civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). Further, "non-removable claims cannot be severed to save the district court's jurisdiction." *McCracken v. ABB Inc.*, No. 2:21-CV-04041-NKL, 2021 WL 5548140, at *2 (W.D. Mo. May 19, 2021); citing *Johnson v. Agco Corp*., 159 F.3d 1114, 1116 (8th Cir. 1998); and *Burris v. Zale Delaware*, 2009 WL 3762987, at *3 (W.D. Mo. Nov. 10, 2009).

An exception to the bar on removal applies if a plaintiff has fraudulently pled an otherwise non-removeable claim in order to avoid federal jurisdiction. *Id.*, citing *White v. Union Pac. R.R. Co.*, 2019 WL 3400716, at *1 (W.D. Mo. July 26, 2019). "A claim is fraudulently pleaded if it so baseless as to constitute a fraudulent attempt to thwart removal." *Id.* (internal citations omitted). Defendant bears the burden of proving fraudulent joinder and any situation of doubt shall be resolved in Plaintiff's favor. *Id.* (internal citations omitted) ("any doubt concerning whether the Court has jurisdiction must be resolved in favor of remand.")

**DISCUSSION**

Plaintiff moves to remand arguing she has brought a workers' compensation retaliation claim and that removal of any such claim is prohibited pursuant to 28 U.S.C. §1445(c). To establish a claim under Section 287.780, Plaintiff must show: (1) she was employed by the defendant before the injury; (2) she exercised a right under the Missouri Workers' Compensation statute; (3) the defendant discriminated against or discharged the plaintiff; and (4) the plaintiff's exercise of rights under the statute was a motivating factor in her termination. See Section 287.780; *Ashby v. Woodridge of Missouri, Inc.*, 673 S.W.3d 537, 547 (Mo. Ct. App. 2023); and *Palermo v. Tension Envelope Corp.*, 959 S.W.2d 825, 828 (Mo. Ct. App. 1997).

Defendants argue Plaintiff did not exercise a right under the Missouri Workers' Compensation statute and that her workers' compensation claim was added to avoid removal. Defendants move to dismiss Count III based on the theory of fraudulent joinder of the claim and have set forth fraudulent joinder as the basis of removal.

A review of Plaintiff's petition reflects that she has plead each element of a workers' compensation claim. While Defendants dispute that she can prove the elements of her claim, including submitting an affidavit that allegedly disputes her claim, that is not the issue presently

4

before the Court. The Court must review Plaintiff's allegations in a light most favorable to the plaintiff for purposes of evaluating the motion to dismiss. Further, Defendants have not met their burden to establish fraudulent joinder.

Here, the Court does not need to determine whether Plaintiffs' alleged injuries amount to compensable and reportable workers' compensation injuries. While Plaintiff's claims may ultimately be difficult to prove, Plaintiff alleges she was employed by Defendants prior to her work injury and that she complained to supervisors, other employees, and human resources that her workload and stress from work was causing fatigue, mental and emotional exhaustion, stress, and/or significant mental health complications. Plaintiff further alleges she was terminated in retaliation for her claims.

Plaintiff's petition contains allegations that she exercised a right under the Missouri Workers' Compensation Law. Plaintiff states that work stress is compensable when it is both "work related and was extraordinary and unusual" and that it caused a mental injury. Citing *Mantia v. Mo. Dep't of Transp.*, 529 S.W.3d 804, 809 (Mo. banc 2017) (quoting RSMo. § 287.120.8). Plaintiff further claims Defendants were put on notice of her injury and that the notice constitutes an exercise of rights under the Workers' Compensation Law. Citing *Deml v. Sheehan Pipeline Constr.*, 452 S.W.3d 211, 216-17 (Mo. App. 2014); *Tumlin-Piper*, 2021 U.S. Dist. LEXIS 142566, at *5; *Davis v. Villages of Jackson Creek*, LLC, No. 4:19-CV-01011-BCW, at 6-7 (W.D. Mo. July 6, 2020)); *Asberry v. American Health Partners*, LLC, et al., Case No. 23-cv-00801-SRB at 5-6; and *Hance v. Wood Motor Company, Inc.*, et al., Case No. 3:23-cv-05092-MDH at 5-6.

The Court has reviewed Plaintiff's allegations, and decisions from other district courts, including a prior decision of this Court, and finds Plaintiff has pled enough to state a claim and that remand is appropriate. Similar to those decisions, the Court finds Plaintiff has pled a claim

5

that she exercised a right under the Workers' Compensation Act and that Defendants terminated her for exercising that right. As the Court previously stated, whether Plaintiff can ultimately prove any such claim is not the issue before the Court. Instead, the Court finds Defendants have not established that Plaintiff fraudulently joined this claim to avoid removal.

## DECISION

Wherefore, for the reasons set forth herein, the Motion to Remand is **GRANTED**. The case is **REMANDED** to the Circuit Court of Cole County, Missouri.

**IT IS SO ORDERED.**

DATED: June 2, 2025

*/s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**